UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYRA COUSINEAU,

    Plaintiff,

v.                                                            Case No: 8:21-cv-1815-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Kyra Cousineau seeks judicial review of the termination of her supplemental security income benefits. For the reasons that follow, the decision of the Commissioner is reversed and remanded pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

### A. Procedural Background

Plaintiff received supplemental security income benefits based upon disability as a child. (Tr. 102.) When Plaintiff turned 18 on November 18, 2018, the Social Security Administration (SSA) re-determined Plaintiff's eligibility for benefits under the rules for determining disability. (Tr. 16.) On April 30, 2019, Plaintiff received notice that the SSA found her no longer disabled and would terminate her benefits in June of 2019. (Tr. 79–84.) Plaintiff requested reconsideration of this decision. (Tr.

1

85–87, 89.) On reconsideration by a disability hearing officer, the Commissioner again found Plaintiff was no longer disabled. (Tr. 100–12.) Plaintiff then requested an administrative hearing. (Tr. 119–20.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared[1] and testified. (Tr. 30-62.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 13–29.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 2000, received supplemental security income benefits as a child. (Tr. 102.) Plaintiff was eligible for benefits during the month preceding her eighteenth birthday. (Tr. 18.) Therefore, upon reaching the age of 18, Plaintiff was subject to disability redetermination. *See* 42 U.S.C. § 1382c(a)(H). Plaintiff completed tenth grade and therefore has a limited education as provided in 20 C.F.R. § 416.964. (Tr. 24.) Plaintiff has no past relevant work experience. (Tr. 24.)

After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: bipolar disorder/depression, generalized anxiety disorder, autism, seizure, and borderline

---

[1] The hearing was held telephonically due to the COVID-19 pandemic. (Tr. 16.) Additionally, in response to the Notice of Hearing dated February 24, 2020, Plaintiff's mother signed the acknowledgment of receipt requesting a phone conference due to lack of transportation. (Tr. 156.)

intellectual functioning. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19–20.)

The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [T]he claimant can never climb ladders, ropes, or scaffolds nor can she be exposed to unprotected heights or moving mechanical parts. She can perform simple, routine, and repetitive tasks not at a production rate pace, involving simple work-related decisions and occasional changes in work setting. The claimant can interact occasionally with the public.

(Tr. 21.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical evidence and other evidence of record. (Tr. 21–24.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 23.) Given Plaintiff's background and RFC, the Vocational Expert (VE) testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as dishwasher, floor cleaner, and cleaner. (Tr. 24–25.) Accordingly,

based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 25.)

## APPLICABLE STANDARDS

Pursuant to 42 U.S.C. § 1382c(a)(3)(H)(iii), where an individual is eligible for supplemental security income in the month preceding his or her eighteenth birthday, the Commissioner will redetermine the individual's eligibility for benefits within one year or whenever the Commissioner finds the case is subject to redetermination under the Social Security Act. When redetermining the individual's eligibility for benefits, the Commissioner will apply the same criteria used to determine adult claims for benefits. 42 U.S.C. § 1382c(a)(3)(H)(iii).

To be entitled to benefits, an adult claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920.

If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ failed to fully and fairly develop the record and denied Plaintiff due process. (Dkt. 17 at 6–10.) Specifically, Plaintiff contends that she did not adequately waive her right to be represented by counsel, such that the ALJ had a heightened duty to develop the record. Additionally, Plaintiff argues that because she did not have representation, she was unable to understand her right to present evidence and call witnesses. (*Id.*) For the reasons that follow, the court finds that remand is warranted.

A Social Security claimant has a statutory right to be represented by counsel at a hearing before an ALJ. 42 U.S.C. § 406; *see Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). A plaintiff may waive this statutory right, "provided the waiver is made

knowingly and intelligently." *Thomas-Joseph v. Comm'r of Soc. Sec.*, No. 21-11020, 2022 WL 1769134, at *2 (11th Cir. June 1, 2022). For a waiver of counsel to be effective, the claimant must be informed of the possibility of free counsel and the limitation on recovery of attorney's fees. *Id.* (citing *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982)).

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Accordingly, the ALJ has the duty to "investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). Where a claimant is not represented by counsel, a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" arises where a claimant is unrepresented at the hearing and has not waived the right to representation. *Cowart*, 662 F.2d at 735 (internal quotation marks omitted) (noting that an ALJ must also be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited"); *Brown*, 44 F.3d at 934–35. Similarly, where a waiver of counsel is ineffective, but the claimant nonetheless proceeds *pro se*, the ALJ's obligation rises to the heightened duty to "scrupulously and conscientiously" export the relevant facts. *Thomas-Joseph*, 2022 WL 1768134, at *2.

Based upon the record before the court, it does not appear that Plaintiff knowingly and intelligently waived her right to counsel during the hearing before the

ALJ. Plaintiff appeared telephonically before the ALJ without counsel. (Tr. 35.) At the very beginning of the hearing, the ALJ ascertained that Plaintiff's mother was nearby and advised Plaintiff "it should just be you. . . . So all I need is you to be on the line." (Tr. 33.) The ALJ then asked Plaintiff her address, which Plaintiff initially could not provide. (Tr. 33.) When she started to recite her home address, Plaintiff incorrectly stated her house number. (Tr. 33.) The ALJ then reiterated that the Plaintiff's testimony should be her own, not that of her mother. (Tr. 34.)

The ALJ then turned to the issue of representation and conducted the following inquiry:

> ALJ: Okay. Thank you. So at this point, I -- you know, I know that you do not have a representative today, and I believe this is your first hearing; is that right? Have you had a hearing before this or is this your first time at this level?
>
> CLMT: Yes, I did. I had a hearing before.
>
> ALJ: You did have a hearing before, so you were already told about your rights of representation and all of that, right?
>
> CLMT: Yes.
>
> ALJ: Okay.
>
> CLMT: Yep.
>
> ALJ: And so you're presenting today without a representative, so I assume you're waiving your right to a representative; is that correct?
>
> CLMT: I believe so.
>
> ALJ: Okay. So that just means that you've had an opportunity to get -- to look into getting a rep. You don't have a rep today. You understand

8

> your rights of representation, and you're going to go ahead with the hearing without having, like, an attorney with you. That's – that's what -- so you're waiving your right. That means that you're giving up your right to have a representative. I just want to make sure you understand.
>
> CLMT: Okay.
>
> ALJ: Okay. So is that -- is that right? You want to go forward with the hearing without a representative today?
>
> CLMT: Yep.

(Tr. 35–36.)

From Plaintiff's statement that she had a previous hearing, the ALJ assumed that Plaintiff had been adequately advised of her right to representation "and all of that." (Tr. 35.) The ALJ did not ask Plaintiff what she had been told during the prior hearing regarding representation and did not notify Plaintiff of the possibility of free counsel. The ALJ stated that "[y]ou understand your rights of representation," without ascertaining what Plaintiff knew and understood about her right to representation. Plaintiff made no statement as to why she elected to proceed without counsel, and the ALJ did not inquire. *Contra Zaldivar v. Apfel*, 81 F. Supp. 2d 1353 (N.D. Ga.), *aff'd*, 245 F.3d 795 (11th Cir. 2000) (plaintiff "unambiguously" waived right to counsel because he knew lawyers wanted 20 percent of any recovery). It is not clear whether Plaintiff fully understood the scope of her right and her options regarding counsel. Therefore, the undersigned cannot find that Plaintiff "knowingly and intelligently" waived her right to counsel before the ALJ. *See Cowart*, 662 F.2d at 735 (claimant agreeing to proceed without counsel did not reflect a true desire to do so in

9

light of other testimony that she had been unable to obtain free public assistance and could not afford a private attorney); *Brown*, 44 F.3d at 935 ("The portions of the hearing transcript . . . plainly reveal that Brown was confused by the ALJ's questions concerning representation. Although she eventually responded in the affirmative when asked whether she desired to proceed alone, her earlier statements reflect that she wanted the assistance of her former supervisor. . . . Nothing in her testimony evinces an understanding that she had other options which were either explored or rejected.").

Because Plaintiff proceeded *pro se* before the ALJ but did not adequately waive her right to counsel, "the ALJ's basic obligation rises to a special duty to scrupulously and conscientiously probe into the relevant facts." *Thomas-Joseph.*, 2022 WL 1769134, at *2 (punctuation and citation omitted). However, "remand is appropriate only where the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (internal punctuation and citation omitted).

Upon review of the hearing transcript, the prejudice to Plaintiff is apparent in her inability to present her claims to the ALJ. At the beginning of the hearing, the ALJ asked Plaintiff if she had received and reviewed the exhibits to be admitted. Plaintiff had not. (Tr. 38.) Nonetheless, the ALJ proceeded to orally review the evidence with Plaintiff and admitted the exhibits into the record. (Tr. 38–42.) However, Plaintiff could not recall how often she had seen certain providers or

10

ascertain whether all the relevant evidence was included in the record. (Tr. 40–50.) Further, Plaintiff could not advise the ALJ which medications she took or when she took them. (Tr. 47–51.) Plaintiff stated that she took Advil to treat her autism. (Tr. 48.) Plaintiff did not know her mother's age or the name of her doctors. (Tr. 44, 49.) Plaintiff, at 18 years of age, advised that she left school after tenth grade, but did not know how many years ago that occurred. (Tr. 45.) Finally, Plaintiff struggled to articulate her condition to the ALJ. For example, when asked if there was anything else she wanted to tell the ALJ, Plaintiff replied "[o]ther than me having severe depression and having trouble with my autism and all that, no." (Tr. 57.) Although the ALJ inquired of Plaintiff a bit further regarding Plaintiff's depression, the ALJ ultimately found that Plaintiff's subjective statements were not consistent with the record evidence. (Tr. 22.)

Moreover, it is unclear whether Plaintiff understood she had the right to present witnesses and submit additional evidence at the hearing. Indeed, following Plaintiff's request for a hearing, the SSA sent correspondence to Plaintiff's *mother* on Plaintiff's behalf, advising of Plaintiff's rights to representation, to submit evidence, and to review the evidence before the ALJ. (Tr. 121–23.) Notwithstanding, due to the nature of the telephonic hearing and the ALJ's concerns regarding the accuracy of Plaintiff's testimony, Plaintiff had to participate in the hearing without her mother's assistance. (Tr. 33–42.)

In light of Plaintiff's inability to provide basic information regarding her impairments and treatment, coupled with Plaintiff's *pro se* status and apparent lack of awareness of her statutory rights, the court finds that Plaintiff suffered prejudice. Indeed, "[a]ny lawyer prepared for a hearing of the kind would realize" that Plaintiff was unable to provide full and complete information to the ALJ. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981)[2]; *see Brown*, 44 F.3d at 936 (finding prejudice warranting remand because the hearing transcript "portrays a claimant who had great difficulty conveying with any precision" the facts necessary to establish her claims for benefits); *Cowart*, 662 F.2d at 735 (finding the ALJ's failure to ask the plaintiff's husband who was present at the hearing any questions about her condition evinced "little or no effort to elicit evidence favorable to [the plaintiff's] claim"); *Cooper v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:15-cv-864-J-MCR, 2017 WL 1135088, at *5 (M.D. Fla. Mar. 27, 2017). Accordingly, remand is warranted for further proceedings consistent with this order.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is **ORDERED**:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit handed down before October 1, 1981.

2. The Clerk of Court is directed to enter final judgment accordingly and close the case.

**ORDERED** in Tampa, Florida, on June 29, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

13